## In re SIESTA SANDS DEVELOPMENT CORPORATION, Debtor.

**Bankruptcy No. 84–17–BKC–8P1.**

United States Bankruptcy Court
M.D. Florida,
Tampa Division.

June 13, 1988.

See also, Bkrtcy., 84 B.R. 789.

Joel Truehaft, Tampa, Fla., for debtor.

Charles Ketchey, Tampa, Fla., for M. Jay Lancer.

Randall Tayler, Sarasota, Fla., trustee for debtor.

ORDER ON MOTION TO ABSTAIN AND MOTION TO DISQUALIFY AND SUPPLEMENTAL MOTION TO DISQUALIFY

ALEXANDER L. PASKAY,
Chief Judge.

THIS IS a confirmed Chapter 11 case and the matter under consideration is presented in a seemingly endless battle, facially between Siesta Sands Development Company (Debtor) but in reality between Mr. and Mrs. Corneau (Corneaus) and Jay Lancer (Lancer) the original counsel of record of the Debtor. The Corneaus were, and one must assume still are, the sole officers, directors and stockholders of the Debtor.

The overall controversy centers around the right of Lancer to receive compensation for services rendered to the Debtor during the pendency of the Chapter 11 case and, as such, to be accorded first priority in payment as cost of administration pursuant to § 507(a)(1) and to be paid pursuant to § 1129(a)(9) of the Bankruptcy Code.

The right to an award of attorney fees by Lancer is vigorously resisted ostensibly by the Debtor but as noted obviously by the Corneaus, on the grounds that he is not entitled to any allowance because of his alleged conflict of interest and because of an alleged fraud perpetrated by Lancer against the Debtor. In the alternative it is contended by the Corneaus that the amount sought by Lancer for his fee is, in any event, grossly excessive and if allowed it should be radically reduced.

The present matter under consideration is a Motion to Disqualify, a Supplemental Motion to Disqualify and a Motion to Abstain filed by the Debtor.

Before considering the Motions under consideration, it is appropriate for this Court to make the following observations. It is now admitted by Ms. Isaak, who originally represented the Corneaus, two of the petitioning creditors in this involuntary case but never formally the Debtor, that she is the author of all three Motions under consideration, notwithstanding the fact that they were signed and filed on behalf of the Debtor by Mr. Joel Treuhaft (Treuhaft). Treuhaft was, at the time the motions were filed, the third attorney of record for this Debtor, but who subsequently filed a Motion to Withdraw, a motion which is yet to be considered. In addition, the Motions were argued by Ms. Isaak even though Treuhaft was present but left in the middle of the hearing to attend to some other business. It is needless to say that is highly improper for an attorney to author a motion or a pleading and have another attorney who is not connected with the attorney to sign the motion or pleading and argue the same. While the conduct of Ms. Isaak technically did not violate Bankruptcy Rule 9011 because she is technically not an attorney of record for

the Debtor and the motions were not signed by her, there is hardly any doubt that Ms. Isaak did author the motions indirectly on behalf of the Debtor and caused same to be filed by Treuhaft who acted only as a showman for the Debtor. Based on the foregoing is evident that Treuhaft did in fact violate F.R.C.P. 11 as adopted by Bankruptcy Rule 9011 which requires that every pleading, motion or other paper shall be signed by the attorney of record in the individual attorney's name; that the signature of an attorney constitutes a certification that the attorney read the document and that to the best of his knowledge, information and belief, formed by him after reasonable inquiry, is well grounded in fact and is warranted by existing law. While one might argue that Treuhaft technically satisfied the requirements of Bankruptcy Rule 9011 by the fact that he read the motions, he certainly did not comply with the spirit of the rule which requires the attorney to conduct a reasonable inquiry to ascertain not only that the facts stated therein are well grounded, but also that the relief sought is warranted by existing law. Ordinarily this Court would entertain the application of Bankruptcy Rule 9011 and impose sanctions. Since the violation by Treuhaft was really only an indirect circumvention of the Rule, this Court will not at this time consider imposition of any sanctions against Treuhaft and against Ms. Isaak provided, however, that in the future any motion or other pleading authored by Ms. Isaak will be signed by Ms. Isaak and not an attorney not connected with her lawfirm.

## MOTION TO DISQUALIFY AND SUPPLEMENTAL MOTION TO DISQUALIFY

The Motion to Disqualify and Supplemental Motion to Disqualify allege that this Court's conduct and action created the appearance of impropriety thus this Court is duty bound to step aside and reassign this particular matter to another judge.

The motions are based on the proposition that this Court entered an Order on February 8, 1988, 84 B.R. 789, on the Order on Application for Attorney Fees filed by Lancer and Vandroff, P.A., in which, according to the Debtor, this Court made improper finding of fact and conclusions relating to issues which were never tried and for which there was no evidentiary support in the record. These issues were (1) the alleged conflict of interest of Lancer, and (2) the amount of reasonable fee to be allowed to Lancer, if any. The record reveals that in due time the Debtor filed a Motion for Rehearing and sought vacation in toto of the February 8th Order. This Court having considered the Motion and the Order involved concluded that the contentions advanced by the Debtor were in fact correct. For this reason on March 3, 1988, this Court entered an ex parte Order granting the Motion for Rehearing and vacated all reference in the February 8, 1988, Order to the findings which related to the issue of conflict of interest of Lancer and also any reference to the quantum and quality of the services rendered by Lancer. In addition the Order rescheduled hearing on these two remaining issues for a later date, which matter is yet to be tried.

■ The motion, although it is not very well articulated, is based on 28 U.S.C. § 455(a) which provides that:

Any Justice, Judge or Magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

It is well established that this Section of the Judicial Code requires a recusal if there is an appearance of partiality whether or not the judge is actually biased. The test for the appearance of partiality is whether an objective, disinterested observer fully *informed of all the facts underlying the grounds* (emphasis supplied) on which recusal was sought would entertain a significant doubt that justice would not be done in the case. The Courts are not uniform in their interpretation of this Section. Some construed this Section to hold that recusal is appropriate even though the impartiality of a judge might not be reasonably questioned, *Potashnick v. Port City Const. Co.,* 609 F.2d 1101 (5th Cir.1980). Some Courts construed this Section to require recusal

only when impartiality would be questioned by an objective, disinterested observer who is fully informed of all the facts underlying the grounds on which it is sought and would entertain a significant doubt that justice would not be done in a particular case.

■ Regardless which standard one accepts it is always important to keep in mind that this Court is duty bound by the admonishment stated in the case of *In the Matter of National Union Fire Insurance*, 839 F.2d 1226, 1228 (7th Cir.1988), to the effect that the judges have an obligation to litigants and their colleagues not to remove themselves needlessly and a judge should not bend over backwards disqualifying himself when a party expresses dissatisfaction with him in a case.

■ In the present instance the proffered testimony in support of the motion would be to the effect that this Court's ruling on the issues which were not tried created the appearance of lack of impartiality because it pre-judged issues which were never tried. The record of this case belies even the remote possibility that any one could possibly arrive at this conclusion once that person is fully appraised of all the facts and especially the fact that the parts of the order complained of have been vacated and set aside by this Court ex parte upon motion for rehearing filed by the Debtor which did vitiate the errors complained of by the Debtor.

## MOTION TO ABSTAIN

The third motion is entitled Motion to Abstain. This motion is based on the proposition that there is currently a lawsuit pending in the State Circuit Court between Lancer, who is suing the Corneaus and others for his attorney fees in which the Corneaus filed a Counterclaim asserting basically the same claims which are also involved in their objection to the fee application of Lancer pending in this Court.

Ms. Isaak was unable to cite any Code Section or any Rules in support of the Motion to Abstain, for obvious reason that neither 28 U.S.C. 1334(c)(1) the discretionary nor (c)(2) the mandatory abstention provisions apply to the matter under consideration. In light of the foregoing, Ms. Isaak conceded at the hearing that the Motion to Abstain is really a Motion to Abate the consideration of Lancer's Fee Application in order to permit the State Circuit Court to make its determination of Lancer's right to attorney fees in the pending lawsuit mentioned earlier. The Motion to Abstain treated as a Motion to Abate is also without merit for the following reasons.

■ First, it needs no elaborate citation of authorities to support what is obvious and basic, that there is nothing more intrinsic and inseparable part of administration of estates under Title 11, than allowances to professionals pursuant to § 330 of the Bankruptcy Code and Bankruptcy Rule 2016. Second, the task of acting on fee application in a case brought under Title 11 is uniquely a task which must be performed by the bankruptcy judge and cannot be delegated to any one, especially not to a State Circuit Court as urged by the Motion. It is obvious from the foregoing that it would be highly inappropriate for this Court to abdicate this duty and delegate the same to a State Circuit Court. It is equally evident, however, that the Corneaus are free to pursue their Counterclaim against Lancer. This conclusion, however, has no relevance to Lancer's right, if he has one, to seek a fee allowance in this Chapter 11 case from this Court.

Based on the foregoing, this Court is satisfied that the Motion to Abstain treated as a Motion for Abatement is without merit and should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Disqualify be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Supplemental Motion to Disqualify be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Abstain, treated

as a Motion for Abatement, be, and the same is hereby, denied.